IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY E. JOHNSON,**

        **Petitioner,**

        v.                      CASE NO. 07-3292-SAC

**FEDERAL BUREAU OF
PRISONS, et al.,**

        **Respondents.**

<u>**O R D E R**</u>

This petition for writ of habeas corpus, 28 U.S.C. § 2241, was filed by an inmate of the United States Penitentiary, Leavenworth, Kansas. Petitioner brings this as a "hybrid petition for writ of mandamus, habeas corpus, and declaratory relief."

Petitioner asserts he is entitled to a transfer to a Community Correctional Center (CCC) in accordance with 18 U.S.C. § 3621(b) and <u>Wedelstedt v. Wiley</u>, 477 F.3d 1160 (10th Cir. 2007). In support of this claim, he alleges he filed a request for a transfer on April 13, 2007, while he was at the Federal Prison Camp, Leavenworth, Kansas. He alleges the Bureau of Prisons (BOP) considered the five statutory factors for CCC placement, but denied his request solely "on supposition that he had felony charges pending in Lake County, Indiana dating back to October 16, 1977, and January 12, 1983[1]." He

---

[1] In Mr. Johnson's BP-9 grievance, which he exhibits, he stated that the five statutory factors were considered in his case and all warranted CCC placement except one - that he was said to have "some 30, 24, and 18 year old pending charges" which he listed as: Gary, Indiana Police Dept. -possession of controlled substance (Oct. 16, 1977); Lake County, Indiana Sheriff Dept. -possession of a controlled substance-robbery-driving while suspended (Jan. 12, 1983); and Cook County, Illinois Sheriff's Dept -possession of a controlled substance (Feb. 10, 1989). He then claimed all these charges were resolved prior to August, 1989,

claims his presentence investigation report and other documents in his Inmate Central File prove there are no old, unresolved charges pending[2].

Petitioner alleges he has exhausted all administrative remedies on this claim; and in response to his BP-8, he was informed that once the old charges were cleared, he would be considered for CCC placement[3]. However, he claims no review of his files and the old felony charges has been conducted by the BOP[4]. His projected release date is Feb 5, 2009.

Petitioner also claims that the BOP used invalid regulations to deny his request for CCC placement. In support of this claim he asserts the BOP regulations at 28 C.F.R. §§ 570.20 and 570.21 were invalidated by the Tenth Circuit Court of Appeals, and as a result, the BOP must make placement and transfer decisions individually. However, at the same time petitioner alleges the decision in his case was based on individual consideration of the five statutory factors. Petitioner must allege additional facts indicating how the

---

when he was previously placed in a CCC.

[2] Petitioner exhibits the response to his BP-9 grievance, in which the Warden stated nothing in his central file indicated the charges were resolved and he had failed the Drug Education Class. Johnson was advised to pursue resolution of all pending state charges and complete the required class. Petitioner would be well-advised to seek court records or an affidavit from State officials showing these charges have been resolved.

[3] Petitioner's exhibits also indicate he was told on August 23, 2007, that his request for CCC placement would be reviewed in 11 to 13 months, which would be between July 23 and September 23, 2008. Since petitioner's projected release date is February 5, 2009, the BOP at that time could still grant CCC placement for the final 6 months of petitioner's sentence.

[4] Petitioner exhibits forms sent by the BOP requesting information on the old charges; however, he does not reveal the outcome of these inquiries or what efforts he has made to obtain documentation from the State.

2

denial of his request for CCC placement was based upon a particular invalidated provision of the regulations.

Petitioner additionally claims he is being denied the opportunity to re-take the 40-hour Drug Education Program he failed at FCI-Forrest City, which is a prerequisite for CCC placement. He alleges his requests to re-apply for the class since October, 2006, have been denied[5]. Petitioner must supplement his Petition with the portions of the administrative record or summaries showing his claim of being denied the opportunity to re-take this class has been fully exhausted.

Petitioner finally claims he has been retaliated against for using BOP grievance procedures. In support, he alleges that on August 28, 2007, he received a Code 397 incident report for placing a non-criminal three-way telephone call and was too severely sanctioned without notice or a hearing. He notes that after 3 years of clear conduct, he was sanctioned with 30 days loss of telephone, commissary, and visitation privileges; placement in administrative segregation until October 16, 2007; and a disciplinary transfer to a maximum security facility even though he has a low security classification. However, petitioner states he does not seek to invalidate this disciplinary punishment, but merely to have respondents restrained from further retaliation. Petitioner does not allege sufficient facts to warrant an injunction against future retaliation, and his request for that relief is denied.

---

[5] Petitioner exhibits only one of his requests wherein he stated it was his fifth request. He does not exhibit any administrative denial.

The court is also asked to order that petitioner be immediately transferred to a CCC, that the BOP remove all "fictitious charges" from his record, and that petitioner be afforded another opportunity to participate in the 40-hr program.

The court finds that petitioner seeks a speedier release, and this action may proceed only as a petition for writ of habeas corpus. Petitioner is not entitled to or in need of separate declaratory or mandamus relief.

The court further finds from petitioner's motion for leave to proceed in forma pauperis and the supporting documents, that Mr. Johnson has sufficient funds to pay the filing fee due in this habeas corpus action of $5.00. For this reason, petitioner's motion for leave to proceed in forma pauperis (Doc. 3) will be denied, and this action will not proceed further until petitioner has submitted the filing fee to the court.

For the reasons stated in footnote 3, and based on facts alleged by petitioner the court finds his Motion to Place on Expedited Calendar (Doc. 4) should be denied. Petitioner is encouraged to continue to seek administrative relief to complete the required class as well as attempt to resolve the old charges on his record by seeking information or verification from state authorities.

The court further finds that petitioner has no right to appointed counsel in this action and appears capable of presenting the facts in support of his claims. Accordingly, his Motion to Appoint Counsel (Doc. 5) is denied, without prejudice.

4

**IT IS THEREFORE ORDERED** that petitioner's claim of retaliation and requests for mandamus and declaratory relief are denied.

**IT IS FURTHER ORDERED** that petitioner's Motion to Place on Expedited Calendar (Doc. 4) and Motion to Appoint Counsel (Doc. 5) are denied, without prejudice.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 3) is denied, and petitioner is granted thirty (30) days in which to submit the filing fee of $5.00 to the court.  If petitioner fails to pay the filing fee within that time, this action may be dismissed without further notice.

**IT IS FURTHER ORDERED** that within the same thirty (30) days, petitioner must supplement his Petition with additional facts to state a claim of a federal constitutional violation and to show full exhaustion as discussed herein.

**IT IS SO ORDERED.**

DATED:  This 7th day of December, 2007, at Topeka, Kansas.

s/RICHARD D. ROGERS
United States District Judge