IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY E. JOHNSON,

Petitioner,

v.                                 CASE NO. 07-3292-RDR

FEDERAL BUREAU OF
PRISONS, et al.,

Respondents.

## O R D E R

On December 7, 2007, this court entered an Order denying petitioner's application to proceed without prepayment of fees due to the balance in his inmate account.  The court also construed his claim for relief as a habeas corpus action only, and granted petitioner time to pay the filing fee and supplement his petition with additional facts showing a federal constitutional claim and full exhaustion of administrative remedies.

Petitioner has now filed a Notice of Interlocutory Appeal as to portions of the court's prior Order (Doc. 8).  He thereafter filed a Supplement to his Petition (Doc. 9), and a Motion for Reconsideration (Doc. 10) of the court's prior Order.  He has also filed a Motion for Leave to Proceed on Appeal Without Prepayment of Fees (Doc. 11).  On January 9, 2008, petitioner paid the filing fee for this district court action of $5.00.

## MOTION FOR LEAVE TO APPEAL WITHOUT FEES

Because Mr. Johnson has filed an interlocutory appeal, this

court does not have jurisdiction to proceed in this action other than to rule upon his motions for reconsideration and for leave to proceed in forma pauperis on appeal.  Petitioner has filed a "Second Motion for Reconsideration," which in effect is a motion for leave to proceed in forma pauperis on appeal (Doc. 11).  He has attached an Inmate Account Statement in support as statutorily mandated.  Section 1915(b)(1) of 28 U.S.C., requires this court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the filing of the appeal.  Having examined the record provided of plaintiff's account, the court finds the average monthly deposit to plaintiff's account was $169.80 and the average monthly balance was $41.59.  The court therefore assesses an initial partial filing fee of $33.50, twenty percent of the average monthly deposit, rounded to the lower half dollar[1].  Petitioner must submit this assessed partial appellate filing fee to this court in order for his appeal to proceed.


## MOTION FOR RECONSIDERATION

Having considered petitioner's Motion for Reconsideration (Doc. 10), the court finds it should be denied.  Petitioner is

---

[1]

Pursuant to 28 U.S.C. §1915(b)(1), petitioner remains obligated to pay the full $455.00 appellate court filing fees in this action.  Being granted leave to proceed in forma pauperis on appeal entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

incorrect that this court was required to issue an order to show cause to respondents before he alleged full exhaustion of administrative remedies and a federal constitutional basis for his demand for release to a CCC. Petitioner's initial filings did not show an entitlement to immediate relief[2], and he was given an opportunity to supplement.

A federal petition for writ of habeas corpus is expeditiously handled once a petitioner has satisfied the prerequisites for proceeding in federal court on claims regarding actions of BOP officials. Petitioner's motion to place his action on an expedited calendar did not excuse him from meeting the prerequisites for proceeding on his claims in federal court.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to submit to this court an initial partial appellate filing fee of $ 33.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of his interlocutory appeal without prejudice.

**IT IS FURTHER ORDERED** that petitioner's Motion for Reconsideration (Doc. 10) is denied.

**IT IS SO ORDERED.**

DATED: This 12th day of February, 2008, at Topeka, Kansas.

---

[2]
    Mr. Johnson's citations to <u>Wedelstedt v. Wiley</u>, 477 F.3d 1160 (10th Cir. 2007), did not convince the court of such an entitlement since he did not allege, and the administrative record provided by him did not show, that the BOP relied upon the 10% rule or other improper factors in declining to immediately transfer him to a CCC. Moreover, by his own repeated allegations the BOP considered all five statutory factors it was required to consider in reaching its decision.

s/RICHARD D. ROGERS
United States District Judge