```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**ANTHONY E. JOHNSON,**

                **Petitioner,**

            v.                        CASE NO. 07-3292-RDR

**FEDERAL BUREAU OF**
**PRISONS, et al.,**

                **Respondents.**

### O R D E R

Petitioner was convicted in the United States District Court for the Western District of Missouri of one count of felon in possession of a firearm and was sentenced on January 25, 2002, to 92 months imprisonment followed by 3 years supervised release. He is currently serving his sentence at the federal prison camp in Leavenworth, Kansas. He filed this "Hybrid Petition for Writ of Mandamus/Habeas Corpus and Declaratory Judgment" citing 28 U.S.C. §§ 1331, 1361, 2201 and 2241, in which he claimed the Bureau of Prisons (BOP) has wrongfully denied his request for early placement in community confinement. He sought preliminary injunctive relief and asked the court to order his immediate transfer to community confinement.

**STATUTORY BASIS FOR ACTION AND FILING FEES**

Petitioner sought expedited treatment in this action, and the court initially construed his pro se pleading as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 only, finding

Mr. Johnson was seeking a speedier release and was not entitled to or in need of separate declaratory or mandamus relief.  The court corrects itself by holding that this matter properly proceeds as a federal habeas corpus petition because petitioner challenges the execution of his sentence, not because he seeks a speedier release.  A residential re-entry center is a place of confinement, and transfer thereto is not "release."

Moreover, while habeas corpus is the proper remedy most often utilized to challenge the denial of an inmate's request for RRC placement, it may not be the only one for petitioner's claims.  Thus, the court does not hold that 28 U.S.C. § 2241 is the only jurisdictional basis for petitioner's claims[1].  However, due to the following disposition of petitioner's claims, the jurisdictional basis need not be reconsidered herein.

**FACTS AND PROCEDURAL HISTORY**

Having considered all materials filed by petitioner, the court finds as follows.  On April 13, 2007, petitioner orally requested at the federal prison camp that he be granted "early placement" in what is currently referred to a "residential re-entry center" (RRC), and his request was denied.  He filed administrative appeals within the Bureau of Prisons (BOP) challenging the denial,

---

[1] However, petitioner is cautioned that if he chooses to proceed under 28 U.S.C. § 1331 or otherwise styles his claims as a civil complaint, rather than as habeas corpus only, he will be responsible for paying the $350.00 district court filing fee for a civil complaint instead of the $5.00 fee applicable to federal habeas corpus petitions.

and was informed that he was not being considered for early placement for two reasons: (1) he had unresolved state felony charges pending in Indiana, and (2) he had failed a required drug education class.  Mr. Johnson's projected statutory release date is Feb 5, 2009.

On December 3, 2007, petitioner filed this pro se "Hybrid Petition for Writ of Mandamus/Habeas Corpus and Declaratory Judgment" citing 28 U.S.C. §§ 1331, 1361, 2201 and 2241.  By Order dated December 7, 2007, this court denied Mr. Johnson's motion for leave to proceed without prepayment of fees based on the balance in his inmate account, and gave him time to pay the district court filing fee of $5.00.  The court also denied his requests for preliminary relief, and required that he supplement his petition with additional facts to state a claim of a federal constitutional violation and show full exhaustion of administrative remedies[2].

On December 31, 2007, petitioner filed an interlocutory appeal seeking review of this court's denial of his requests for mandamus, declaratory judgment, and injunctive relief.  Upon the filing of petitioner's Notice of Appeal, this court basically lost jurisdiction to the Tenth Circuit Court of Appeals.  On the same date petitioner submitted a Supplement to Petition, which this court has been unable to act upon during the pendency of his

---

[2] Petitioner alleged that, in response to his BP-8 grievance, he was informed that once the old charges were cleared he would be considered for RRC placement. Thus, this court in its initial order encouraged him to continue to seek to resolve the issues of the 1977 and 1983 charges and the class prerequisite administratively and through state authorities in Indiana.

interlocutory appeal. On January 9, 2008, petitioner paid the district court filing fee of $5.00.

On June 17, 2008, the Tenth Circuit Court of Appeals entered its Order resolving petitioner's interlocutory appeal:

> To the extent that Mr. Johnson's appeal concerns the district court's denial of preliminary injunctive relief, we affirm the district court. To the extent that Mr. Johnson's appeal seeks to contest the district court's denial of immediate declaratory and mandamus relief against the BOP, we dismiss it.

Johnson v. Federal Bureau of Prisons, App. No. 08-3008 (June 17, 2008, unpublished). This court now proceeds to consider petitioner's Supplement filed on December 31, 2007 in light of its initial order entered herein.

In his original Petition, Mr. Johnson claimed he is entitled to and has been illegally denied an immediate transfer to community confinement in an RRC. He cited as legal authority 18 U.S.C. § 3621(b) and Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007). As factual support, he alleged the BOP considered the five statutory factors set forth in 18 U.S.C. § 3624(c), but denied his request for early RRC placement based on fictitious charges. Petitioner also claimed that the BOP used regulations to deny his request, citing 28 C.F.R. §§ 570.20 and 570.21, which had been invalidated by the Tenth Circuit Court of Appeals in Wedelstedt.

Petitioner now states in his "Supplemental Habeas Corpus Petition" (Doc. 9)(hereinafter "Supplement") that "said issues have

4

been rendered moot³" because the old state charges "were cleared," the drug education class is no longer required, and on December 16, 2007, the BOP "referred" him for placement in an RRC⁴.  The court agrees that the claims raised in the original Petition are moot given the administrative resolution of the state charges and class prerequisite issues and the decision of the BOP to consider Mr. Johnson for RRC placement and to grant him such placement on a date certain.

Petitioner states in his Supplement that the "only issue remaining to be resolved by the Court in this cause" is whether the BOP's decision, rendered after this action was filed, to grant him RRC placement for only the final 6 months of his sentence (August 5, 2008 to February 5, 2009) is illegal.  He claims he is "entitled to additional time in (an RRC) beyond six (6) months," and that the BOP's decision resulted from their use of an illegal policy "to limit" RRC placement to the final 6 months of an inmate's sentence⁵.

Petitioner alleges the BOP is now making RRC placement

---

³ Any challenge to 28 C.F.R. §§ 570.20 and 570.21 was also mooted by the Tenth Circuit's invalidation of those regulations in <u>Wedelstedt</u>.

⁴ Petitioner exhibits the "Community Based Program Agreement" signed by him, which he calls a "referral."  His other exhibits with his Supplement do not relate to the issues that remain in this action.

⁵ Petitioner also claims the BOP "contended" he would be "referred for" RRC placement "no later" than 11-13 months prior to his current statutory release date of February 5, 2009, or between January 5, 2008 March 5, 2008.  However, the BOP clearly meant it would consider the matter with 11-13 months remaining as provided in its policy statement, not that it would transfer petitioner at that time.

decisions, including the decision in his individual case, under its Program Statement (PS) 7310.04 (1998), a predecessor to its regulations invalidated in Wedelstedt. He claims that PS 7310.04 is based upon the same erroneous statutory interpretation of 18 U.S.C. § 3624(c) by the BOP as were the invalidated regulations in that it limits placement of inmates in RRCs to the final six months of their sentences. He argues that under PS 7310.04, the BOP continues to categorically refuse to place inmates in RRCs before the last 6 months of their sentences, in that it considers placement beyond 180 days as "highly unusual" and "only possible with extraordinary justification." Cf. Miller v. Whitehead, ___F.3d ___, 2008 WL 2220430, at *7-*8 (8th Cir., May 30, 2008). Petitioner also contends that even if the BOP may legally limit RRC placement to 180 days without "extraordinary justification," his case contains extraordinary justification entitling him to immediate transfer. In support, he alleges he has no history of violence or escape; he has completed two "prior participations" in RRCs while serving two prior federal sentences; he requires long-term community placement due to his lack of employment and housing and serious needs for counseling, substance abuse treatment, and to combat his history of recidivism. He adds that he was denied jail time credit and the sentence he is serving was improperly enhanced[6]. The court is now asked to order the BOP to "advance"

---

[6] These claims, which are challenges to his sentence, may only be raised by motion under 28 U.S.C. § 2255 filed in the sentencing court.

his RRC release to the earliest possible date space is available. Around May 1, 2008, petitioner also filed an application in the Tenth Circuit of Appeals for an "emergency" mandamus requiring this court and the BOP to transfer him to an RRC, which was denied. <u>In re Anthony E. Johnson</u>, Case No. 08-3125 (10th Cir. May 29, 2008). He mentioned he had filed a motion in this court on April 15, 2008, seeking transfer pending appellate review, and in these two pleadings cited for the first time the "Second Chance Act of 2007."

The court finds it is obvious from petitioner's allegations before this court and the Tenth Circuit Court of Appeals that he has not exhausted administrative remedies on the new claims he seeks to raise as challenges to the BOP's decision to grant him RRC placement for six months. The court declines to consider any of petitioner's unexhausted claims herein. Petitioner may file a new federal habeas corpus petition under Section 2241 challenging the BOP's current decision, after he has fully exhausted administrative remedies on those claims. The court concludes this action must be dismissed as moot.

**IT IS THEREFORE ORDERED** that petitioner's Motion for release to community confinement pending interlocutory appeal (Doc. 20) is denied as moot, and that this petition for writ of habeas corpus is dismissed as moot.

**DATED:  This 27th day of June, 2008, at Topeka, Kansas.**

**s/RICHARD D. ROGERS**

7

                                        **United States District Judge**